NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-195

COMMONWEALTH

vs.

COREY D. WEST.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Corey D. West, appeals from his conviction of rape after a jury trial in the Superior Court.[1] The defendant argues that an evidentiary ruling by the trial judge was error and deprived him of his right to confront witnesses. We discern no abuse of discretion in the judge's ruling and no substantial risk of a miscarriage of justice. We affirm.

Background. Before trial, the Commonwealth moved in limine to admit testimony of a different victim alleging that the defendant had raped her in Boston under circumstances similar to those in the present case. The judge ruled that the bad act evidence was not admissible in the Commonwealth's case in chief.

---

[1] On an indictment charging aggravated rape, the defendant was convicted of the lesser included offense of rape. The jury acquitted him of armed kidnapping with sexual assault, armed robbery, and assault by means of a dangerous weapon (a knife).

The judge warned, "depending on what the evidence is, the door may be opened at a later time."

At trial, the jury heard evidence that in September 2016, the victim was addicted to heroin, worked as a prostitute, and advertised her services on a Web site called Backpage. On the night of September 16 to 17, she, Jeffrey Hopkins, and Mike Depina drank Hennessy cognac, smoked marijuana, and rode around in Depina's car.

In the early morning of September 17, the victim received a text message from someone seeking one-half hour of sex. After she negotiated a price, she received another text message directing her to a condominium building in Brockton, and Depina drove her there. While Hopkins and Depina waited in the car, the victim went into the building, where the defendant escorted her to an apartment. After the defendant asked if she wanted to use the bathroom, the victim went into the bathroom and closed the door. At that point, the victim would have been willing to have sex with the defendant for money.

When the victim opened the bathroom door, the defendant was standing there holding a knife. The defendant held the knife to the victim's throat and ordered her to get undressed; she complied. Wearing a condom, the defendant raped the victim orally and vaginally. Then the defendant flushed the condom down the toilet. At knifepoint, he forced the victim to take a

2

shower and brush her teeth.  The victim dressed and ran to Depina's car.  Crying and upset, the victim told Hopkins and Depina that the defendant had raped her at knifepoint.

During a subsequent search of the apartment, police found the defendant hiding inside a suitcase.  The victim was treated at a hospital; she had marks on her neck where the defendant had pressed the knife against her.  At the hospital, she was shown a photo array and identified the defendant as the man who had raped her.

Discussion.  The defendant argues that the judge improperly restricted his cross-examination of the victim.  Questioned by defense counsel, the victim testified that before this rape in Brockton, Depina drove her to Fall River to meet another Backpage customer for sex, but she never met that man because "He didn't show up."  At sidebar, defense counsel made an offer of proof that Hopkins and Depina had testified before the grand jury that the victim had said that she had been raped and robbed by the Fall River man.  During a voir dire, the victim admitted that she did meet the Fall River man but he was "sketchy," so she returned to Depina's car.  She denied telling Hopkins or Depina that the Fall River man had raped or robbed her.

Defense counsel argued that he should be permitted to impeach the victim with her statement to Hopkins and Depina because it showed that she had a "pattern of claiming rape."

3

The judge ruled that if Hopkins or Depina testified to the statement, the defendant could recall the victim to elicit her denial that she said it, and it would be admitted as a prior false allegation of rape tending to show fabrication. Reminded by the prosecutor of his in limine ruling about the Boston rape allegation, the judge commented that if the defendant introduced the victim's prior statement, "then I will explore whether or not the Commonwealth can put in the prior act in Suffolk," telling defense counsel, "You can decide how you're going to proceed." On cross-examination of Hopkins, defense counsel elicited that earlier that evening the victim had met a Backpage customer in Fall River for sex, but counsel did not ask Hopkins about the victim's statement. Depina did not testify.

On appeal, the defendant argues that he should have been permitted to cross-examine the victim about her statement to Hopkins and Depina that the Fall River man had raped and robbed her. As set forth above, the trial record shows that the judge did permit the defendant to introduce the victim's statement through cross-examination of Hopkins, but the defendant refrained from doing so. In those circumstances, the defendant did not preserve the issue for appellate review, and we consider it to determine whether a substantial risk of a miscarriage of justice arose. See Commonwealth v. Otsuki, 411 Mass. 218, 236

4

(1991).  See also Commonwealth v. Shruhan, 89 Mass. App. Ct. 320, 324 (2016).

The defendant contends that the victim's statement was admissible during her cross-examination on any of three grounds: as a prior false allegation of rape, as her prior inconsistent statement, or to explain her physical injuries.  We are not persuaded.  First, the defendant argues that because the victim testified on voir dire that her only interaction with the Fall River man was a brief conversation, her statement to Hopkins and Depina that the man had raped her was admissible as a prior false allegation of rape.  See Commonwealth v. Bohannon, 376 Mass. 90, 92-94 (1978).  In contrast, trial defense counsel repeatedly told the judge that he was not seeking to introduce the victim's statement as a prior false allegation of rape.[2]  In any event, the judge permitted the defendant to introduce the victim's statement as a prior false allegation, but required him first to prove by extrinsic evidence -- the testimony of Hopkins or Depina -- that the victim had made the statement.  After the voir dire in which the victim denied making the statement, it

---

[2] The defendant has not argued, in the trial court or on appeal, that the victim "confabulated" her interactions with the defendant and the Fall River man.  Contrast Commonwealth v. Polk, 462 Mass. 23, 38 (2012) (expert testimony of psychologist supported claim that rape victim had "confabulated" allegations against defendant with prior sexual assaults by uncles).  Thus we do not consider that issue.

was within the judge's discretion to require the defendant to elicit the statement through Hopkins or Depina before recalling the victim to question her about it.  See Commonwealth v. Parent, 465 Mass. 395, 399-400 (2013) (after sexual assault victim denied having made inconsistent statements to detective, defendant should have been permitted to elicit inconsistencies from detective).  That the defendant chose not to do so did not give rise to a substantial risk of a miscarriage of justice.

Second, the defendant contends that because the victim had testified before the jury that the Fall River man "didn't show up," her statement that that man raped her was admissible as her prior inconsistent statement.  See Commonwealth v. McGowan, 400 Mass. 385, 390 (1987) (no discretion to exclude prior inconsistent statement "directly related" to "central issue in the case").  The jury heard the victim's testimony that she was working as a prostitute, was addicted to heroin, and would have been willing to have sex with the defendant for money.  On cross-examination, the defendant elicited that the victim had lied both to police and under oath before the grand jury.  In that context, evidence of whether the victim met the Fall River man or had sex with him -- consensually or nonconsensually -- would have gone to a collateral matter.  Cf. Commonwealth v. Dabney, 478 Mass. 839, 857-860 (2018) (judge properly precluded impeachment of sex trafficking victim with

6

Backpage invoices). Even assuming that the victim had made inconsistent statements about her interaction with the Fall River man, their omission did not create a substantial risk of a miscarriage of justice.

Finally, the defendant argues, for the first time on appeal, that the victim's statement that the Fall River man had raped her would have been admissible to explain her physical injuries. The defendant did not file a written motion in limine or make an offer of proof that the evidence was admissible for that purpose, as required by the rape-shield statute, G. L. c. 233, § 21B. See Commonwealth v. Cortez, 438 Mass. 123, 129 (2002). Thus the defendant made no showing that whatever happened in Fall River would have explained the marks on the victim's neck. See id. at 129-130 (consensual intercourse two days before murder would not have explained injuries including bloody fingermarks on victim's thighs).

The judge's evidentiary ruling did not create a substantial risk of a miscarriage of justice by violating the defendant's right to confront witnesses under the Sixth Amendment to the United States Constitution or art. 12 of the Massachusetts Declaration of Rights. That right "is 'not absolute,' . . . and 'the scope of cross-examination rests largely in the sound discretion of the trial judge.'" Commonwealth v. Gallett, 481 Mass. 662, 682 (2019), quoting Commonwealth v. Miles, 420 Mass.

7

67, 71 (1995). As explained above, the judge did not preclude the defendant from introducing the statement as a prior false allegation of rape, or otherwise abuse his discretion by excluding the statement. See Commonwealth v. Sealy, 467 Mass. 617, 624 (2014) (in judge's discretion to preclude cross-examination of rape victim about motive to fabricate arising from immigration benefits she received after reporting prior rape). Nor did any violation of the defendant's confrontation rights arise from the judge's comment that, if the defendant introduced the victim's statement to show her motive to fabricate this rape, that might "open the door" to admission of evidence of the Boston rape allegation against the defendant. The judge's ruling was not a definitive one. See Commonwealth v. Pierre, 486 Mass. 418, 431 (2020).

Judgment affirmed.

By the Court (Massing, Grant & Brennan, JJ.[3]),

Assistant Clerk

Entered:  January 25, 2024.

---

[3] The panelists are listed in order of seniority.